UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MEDICINE SHOPPE INTERNATIONAL, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:14cv1218 CDP |
|  | ) |  |
| PRESCRIPTION SHOPPES, LLC and SAMIR AMIN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# **MEMORANDUM AND ORDER**

Plaintiff Medicine Shoppe International, Inc. seeks to confirm an arbitration award entered in its favor and against defendants Prescription Shoppes, LLC and Samir Amin. The arbitrator granted MSI's motion for a default award and received evidence from MSI regarding its attorneys' fees and costs, and then awarded damages, attorneys' fees, and costs to MSI. Defendants seek to vacate the attorneys' fees portion of the award because of alleged partiality and misconduct by the arbitrator as well as his purported manifest disregard of the law. Manifest disregard is not a legally viable basis for vacatur. I conclude that defendants waived their right to assert partiality and the arbitrator did not engage in misconduct, so I will deny the motion to vacate and confirm the arbitration award.

I.  **Background**

MSI is a national franchisor of the Medicine Shoppe System. Pursuant to two 2003 license agreements, Prescription Shoppes is a franchisee of MSI's system and operates two MSI pharmacies in Florida. Defendant Amin is a member of Prescription Shoppes and is its guarantor for purposes of the license agreements.

In December 2011, Prescription Shoppes filed a Statement of Claim with United States Arbitration and Mediation.[1] In February 2012, MSI filed a response and asserted a counterclaim against Prescription Shoppes as well as a third-party claim against defendant Amin. Gerry Ortbals was appointed and confirmed as arbitrator in the action. In March 2014, after two years of arbitration, Prescription Shoppes submitted a Notice of Voluntary Dismissal of its claims. In response, MSI requested an entry of a conceded award on its counterclaims, or, in the alternative, a default award against defendants pursuant to USA&M Rules 14 and 15. The Arbitration Administrator found that Prescription Shoppes and Amin had indicated an "intent not to proceed" in the case and had failed to proceed under Rules 14(a)(v) and (b). As a result, he determined that MSI could "proceed under Rule 15 concerning this default and submit evidence" supporting its claims.

---

[1] The arbitration clauses contained in the parties' agreements mandate that "[A]ll controversies, disputes or claims arising between [MSI] … and [Prescription Shoppes]…shall be submitted for arbitration to the St. Louis, Missouri office of United States Arbitration and Mediation on demand of either [party]…." Under the agreements, the party prevailing in a judicial or arbitration proceeding shall be awarded its costs and expenses including attorney, arbitrator, and expert witness fees.

In accordance with the administrator's finding, in late March 2014, MSI moved for a default judgment award on all the claims in the case. In a March 25 order, the arbitrator granted MSI's motion for default, and indicated that an award would be issued "following receipt of [MSI's] evidence regarding attorney fees and arbitration costs." In his order, the arbitrator noted that the dispute had ensued for more than two years and "engendered considerable time and expense on the part of all concerned." He stated that Prescription Shoppe's "revelation of its intention not to proceed was declared by counsel on the eve of depositions duly noticed by [MSI] of various witnesses under [Prescription Shoppe's] control." He observed that this caused MSI to incur legal expense to no purpose and that all of this occurred less than 30 days before the arbitration hearing was set to begin.

In April 2014, MSI filed a fee petition seeking attorneys' fees of $157,135.00 and costs of $10,625.00 (fees paid to USAM) against defendants. The fee petition was supported by the sworn declaration of MSI's attorney, John F. Dienelt, which indicated the hours billed and the hourly rates charged by the attorneys who worked on the matter.[2] Dienelt also attached biographies for each of the attorneys. His declaration stated that the legal services provided included "initial proceedings with respect to whether Claimant could join other franchisees

---

[2] Dienelt, a partner, billed 72.1 hours at an hourly rate of $650. Scott McIntosh, a partner, billed 97.1 hours at an hourly rate of $500 and 70.0 hours at an hourly rate of $520. Jonathon Labukas, an associate, billed 84.4 hours at an hourly rate of $300.

3

in this arbitration; discovery, including preparation for depositions; planning and preparation for the hearing; and preparation of the Motion for Default Award." If the arbitrator required descriptive time entries, Dienelt asked that they be reviewed *in camera* to accommodate attorney-client privilege concerns.

After submission of MSI's fee petition, defendants twice requested that they be allowed to examine the specific billing entries supporting MSI's requested fees. On April 24, the arbitrator issued an order denying defendants' requests. The order noted that in March, defendants' counsel had stated "his clients were effectively consenting to an award for MSI on its counterclaims, which included attorney fees." And in April, "counsel for [defendants] advised counsel for MSI by email that defendants had no objection to the calculation of the amount alleged to be owed to MSI. The amount owed to MSI encompasses a calculation of [MSI's] attorney fees." Finally, the order stated that Dienelt had provided a sworn declaration confirming the fees, and because Dienelt "enjoys an excellent reputation" his statement regarding the fees was accepted on its face.

In a letter to the arbitrator dated April 30, 2014, defendants requested reconsideration of the April 24 order denying their request to review detailed time entries. Apparently, the parties then further briefed the issue of detailed time entries, with MSI submitting a response letter on May 7 and defendants a reply on

4

May 9. On May 21, the arbitrator ordered MSI's counsel to produce detailed time records by June 6 for an *in camera* review.

Finally, on June 25, 2014, the arbitrator rendered an award in favor of MSI, finding that defendants were liable to MSI for a total sum of $578,913.97, which consisted of $424,163.97 in damages, attorneys' fees of $154,750.00 and $10,625.00 in filing costs, plus interest of 9% per annum from the date of the award until paid in full.

MSI now seeks a judgment confirming the arbitration award under Section 9 of the Federal Arbitration Act.[3] Defendants seek an order vacating "the portion of the arbitration award as to the amount of attorneys' fees" either on grounds of evident partiality and misconduct by the arbitrator or on the basis that the arbitrator's actions constituted manifest disregard for the law.

## II. <u>Standard of Review</u>

This case is brought under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, which established a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). Judicial review of the merits of an arbitrator's award is conducted under an

---

[3] Section 9 of the Act provides: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C.A. § 9.

extremely deferential standard of review. *Brown v. Brown-Thill*, 762 F.3d 814, 818 (8th Cir. 2014). A court will confirm an arbitrator's award even if it is convinced that the arbitrator committed serious error, so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." *McGrann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005).

Section 9 of the FAA provides that a reviewing court "must" confirm an award unless it is "vacated, modified, or corrected as prescribed in Sections 10 and 11." 9 U.S.C. § 9. The Eighth Circuit has held that a court may vacate an arbitration award only for one of the reasons specifically enumerated in Section 10. *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

Section 10 authorizes the court to vacate an arbitration award in four very limited situations: (1) where the award was procured through fraud; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject

matter submitted was not made. 9 U.S.C. § 10; *Hall Street Assoc., LLC v. Mattel*, 552 U.S. 576, 582 n.4 (2008).

### III. <u>Discussion</u>

Defendants have moved to vacate the award on three grounds. They claim there was evident partiality on the part of the arbitrator under 9 U.S.C. § 10(a)(2), that the arbitrator is guilty of misconduct under § 10(a)(3), and that the award should be vacated because of the arbitrator's manifest disregard for the law.

<u>Manifest Disregard of the Law</u>

As an initial matter, defendants' argument that the arbitrator's decision should be vacated based on "manifest disregard of the law" must fail. The Eighth Circuit has explicitly held, based on the Supreme Court's holding in *Hall Street*, that the only cognizable grounds for vacatur of an arbitration award are those specifically enumerated in 9 U.S.C. § 10.[4] *Med. Shoppe Int'l*, 614 F.3d at 488-89. Therefore, defendants' "manifest disregard" claim is not cognizable. *See id.*; s*ee also Jay Packaging Grp., Inc. v. Mark Andy*, Inc., No. 4:10MC00763 ERW, 2011 WL 208947 (E.D. Mo. Jan 21, 2011) (manifest disregard of the law may no longer be used to vacate or modify an arbitration award); *Systime Computer Corp. v. Wireco World Grp.*, Inc., No. 11-9036-MC-W-SOW, 2012 WL 2317090, at *3

---

[4] The federal circuit courts are split whether manifest disregard is still a viable ground for the vacatur of an arbitration award. For a description of the split, see *Bellantuono v. ICAP Securities USA, LLC*, 557 Fed.Appx. 168, 173 n.3 (3rd Cir. 2014).

(W.D. Mo. June 18, 2012) (an arbitration award may be vacated only on the grounds listed in Sections 10 and 11 of the FAA); *Free Country Design & Const. v. Proformance Grp., Inc.*, No. 09-06129-CV-SJ-DGK, 2011 WL 6032928, at *4 (W.D. Mo. Dec. 5, 2011) (argument that the arbitration award evidenced a manifest disregard for the law was not legally viable).

Evident Partiality and Misconduct

Defendants also argue that the award should be vacated as to the attorneys' fees because of the arbitrator's partiality and misconduct. *See* 9 U.S.C. § 10(a)(1) and (3). They claim, first, that the arbitrator's initial reliance "on counsel's reputation alone" in awarding attorneys' fees was "unjustified and unprecedented." Second, defendants claim that by denying their requests to review detailed billing entries, the arbitrator denied them the opportunity to properly challenge MSI's fee request. In response, MSI argues, first, that defendants waived these arguments by never raising them with the arbitrator. MSI also argues that even if these arguments were not waived, under Rule 15 of the USA&M Arbitration rules, when one party defaults an award may be made in the absence of that party provided the non-defaulting party submits evidence supporting its claims. MSI claims that under Rule 15 it was within the arbitrator's authority here to order a fee award without argument or input from defendants. Finally, MSI argues that the arbitrator

did not commit misconduct by declining to order MSI to provide detailed billing entries to defendants.

### *Partiality*

After reviewing the correspondence exchanged between defendants and the arbitrator, I conclude that defendants waived their argument as to evident partiality by failing to raise it to the arbitrator. Defendants' April 30 and May 9 correspondence to the arbitrator asserted that his reliance on counsel's "reputation alone to support a substantial award of attorneys' fees" was unjustified and unprecedented. Defendants' letters do not mention partiality. Rather, they appear to argue that the arbitrator's procedural methods are improper and not supported by law. As such, defendants failed to raise an evident partiality argument with the arbitrator and therefore cannot raise it for the first time in a motion to this Court. *See PaineWebber Grp., Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 995 (8th Cir. 1999).

### *Misconduct*

In their April 30 and May 9 correspondence with the arbitrator, defendants clearly assert that the arbitrator's failure to order MSI to produce detailed billing records was improper, unfair, and not in accordance with the law. Therefore, I conclude that defendants did not waive their arguments as to arbitrator misconduct.

9

A party seeking to vacate an award for misconduct under § 10(a)(3) must show he was deprived of a fair hearing. *Brown*, 762 F.3d at 820 (internal quotation marks removed) *citing Grahams Serv. Inc. v. Teamsters Local 975*, 700 F.2d 420, 422 (8th Cir. 1982) (the error "must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing"). I have the authority to review only the arbitrator's conduct, not the merits of his award. *See Med. Shoppe Int'l*, 614 F.3d at 488 ("[c]ourts have no authority to reconsider the merits of an arbitration award"). *See also U.S. for Use and Benefit of Skip Kirchdorfer, Inc. v. Aegis/Zublin Joint Venture*, 869 F. Supp. 387, 392-93 (E.D. Va. 1994) (denying a §10(a)(3) challenge to arbitrators' attorneys' fee award and holding the "arbitrators' decision is due special deference, and this Court presumes that its attorneys' fees award was reasonable").

The defendants were not deprived of a fair hearing because they were not entitled to be heard. Rule 14 of the USA&M Consolidated Arbitration Rules provides in relevant part[5]:

> b. The arbitration administrator, at his or her sole discretion, will determine when a party has failed to proceed.
>
> c. A failure to proceed may result in the entry of a default award pursuant to Rule 15 or a postponement or cancellation of the arbitration proceedings, at the discretion of the arbitration administrator.

---

[5] The parties do not dispute that USA&M's Consolidated Arbitration Rules applied to their arbitration.

10

Here, the arbitration administrator was within the authority granted to him under this rule when he found defendants to be in default and permitted MSI to "proceed under Rule 15 concerning this default and submit evidence supporting their claims." (Letter from Robert D. Litz, March 18, 2014). Furthermore, Rule 15 provides that a default award "may be made in the absence of a party upon a proper showing by the other party(ies) of evidence supporting their claim." Therefore, it was also within the arbitrator's authority to make an award determination without input or briefing from defendants.

Defendants argue that the administrator's March 18 letter has no bearing on their claims of misconduct or partiality because it fails to indicate that the arbitrator himself applied Rule 15 to the proceedings. I disagree. First, a copy of the administrator's March 18 letter was sent to the arbitrator, making him aware that MSI was proceeding under Rule 15. Rule 14 makes it the responsibility of the administrator, not the arbitrator, to determine when a party is proceeding under a default. Additionally, in accordance with the administrator's ruling, the arbitrator granted MSI's motion for default award. It is reasonable to assume that in doing so, he contemplated the parties would proceed under the only default provision, Rule 15, in the USA&M rules.

Even if the arbitrator did not proceed under a Rule 15 default, however, defendants' claim of misconduct fails as there is nothing to indicate defendants

11

were deprived of a fair hearing. Rule 5.c. of the USA&M Consolidated Arbitration Rules grants the arbitrator "broad authority to conduct the arbitration process in any manner deemed reasonable to reach a just determination." Courts agree that an arbitrator generally has "procedural discretion" in administering the arbitration process. *See Roe v. Cargill*, 333 F. Supp. 2d 808, 815 (W.D. Ark. 2004). "Arbitration is customized, not off-the-rack, dispute resolution." *Delta Mine Holding Co. v. AFC Coal Properties, Inc.*, 280 F.3d 815, 822 (8th Cir. 2001) (internal citation omitted). When parties agree to arbitration, "[t]hey must content themselves with looser approximations to the enforcement of their rights than those that the law accords them…." *Am. Almond Prods. Co. v. Consol. Pecan Sales*, 144 F.2d 448, 451 (2d Cir. 1944).

Here, the arbitrator made a fee award based on his review of detailed time entries provided by MSI and with a direct understanding of the extent of the parties' discovery and other efforts. He permitted defendants to submit two separate letters laying out arguments for why they thought detailed time entries should be produced and why the requested fees were unreasonable. After review of the time entries, instead of accepting the fee request on its face, the arbitrator's final award reduced the requested fees by $2385. Additionally, although defendants have cited various cases in which time records were produced to

opposing counsel, they have cited no authority mandating such production in the context of an arbitration fee award.[6]

In light of the foregoing, I conclude that the arbitrator's conduct in this case was not outside the scope of his authority and did not deprive the defendants of a fair hearing. Therefore, the arbitrator was not guilty of misconduct under 9. U.S.C. §10(a)(3), and defendants' motion to vacate the award on this basis is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to confirm arbitration award [#1] is **GRANTED**, and defendants' motion to vacate arbitration award [#9] is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2015.

---

[6] Defendants also cite Rule 54, Fed. R. Civ. P., to support their claim that they were entitled to an opportunity to properly challenge MSI's fee petition, but Rule 54 is irrelevant. The parties' license agreements provide that the arbitration procedure shall be governed only by the Federal Rules of Civil Procedure relating to discovery and evidence.